IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIC W. CONNER,

    Petitioner,                    No. 2:09-cv-01994 KJN P

    vs.

R. BARNES, Warden,

    Respondent.                 ORDER

_____/

        Petitioner is a state prisoner proceeding without counsel and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. This case, filed July 20, 2009, was reassigned to the undersigned on February 9, 2010.[1]

        Examination of the in forma pauperis application (Dkt. No. 2) reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges his June 30, 2007 convictions for second degree burglary and petty theft, pursuant to claims, inter alia, that he was denied due process, equal protection, effective assistance of counsel, and the right to appeal. Dkt. No. 1, at 2 et seq. It appears that

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

1

petitioner has exhausted his state court remedies.  Because petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, respondents will be directed to file a response to petitioner's habeas petition.

Petitioner also seeks appointment of counsel.  Dkt. No. 3.  There is no absolute right to appointed counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, a district court may appoint counsel for a financially eligible person seeking relief pursuant to 28 U.S.C. § 2254 where "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).[2]  "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted).

Petitioner contends that he requires appointed counsel for essentially the same reasons he pursues the instant writ, viz., the alleged incompetence of his trial counsel, as well as multiple alleged errors by the trial court. Dkt. No. 3. The court finds, at the present time, that appointment of counsel is not warranted.  The issues appear to have been adequately articulated in the briefing and decisions below.  The court will, however, reconsider the matter upon subsequent motion after this case is fully briefed.

////

---

[2] More generally, "[i]n proceedings in forma pauperis, the district court 'may request an attorney to represent any person unable to afford counsel.'  28 U.S.C. § 1915(e)(1).  The decision to appoint such counsel is within 'the sound discretion of the trial court and is granted only in exceptional circumstances.'  Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the petitioner's ability to articulate his claims 'in light of the complexity of the legal issues involved.'  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983))."  Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)."  Wilborn, supra, 789 F.2d at 1331 (fn. omitted); see also, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (Dkt. No. 2), is granted;

2. Petitioner's motion for appointment of counsel (Dkt. No. 3) is denied without prejudice;

3. Respondents are directed to file and serve a response to petitioner's habeas petition within sixty days from the date of this order.  See Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.  See Rule 5, Fed. R. Governing § 2254 Cases;

4. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within twenty-eight days after service of the answer;

5. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within twenty-eight days after service of the motion, and respondents' reply, if any, shall be filed and served within fourteen days thereafter;

6. The Clerk of the Court shall serve a copy of this order, the consent/ reassignment form contemplated by Appendix A(k) to the Local Rules of this court, and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General.

DATED: March 30, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Conn1994.100.scrn.cnsl