IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIC W. CONNER,

    Petitioner,               No. 2:09-cv-01994 KJN P

    vs.

R. BARNES, Warden,

    Respondent.           ORDER

_____/

        On October 27, 2010, this court ordered petitioner to show cause for his failure to file an opposition to respondent's pending motion to dismiss. Petitioner has timely responded to the court's order. Petitioner states that he is now housed at a Fire Conservation Camp with limited access to a law library. Petitioner requests the withdrawal or dismissal of the four claims which respondent contends were not exhausted in state court, and additional time to respond to respondent's motion as it pertains to petitioner's remaining claims. The court herein dismisses petitioner's unexhausted claims, and requires additional briefing by both respondent and petitioner to address petitioner's exhausted claims.

        A federal district court may not entertain a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion

1

requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting those claims to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  A state court had an opportunity to rule on the merits of a claim if that claim was fairly presented, that is, the petitioner described the operative facts and legal theory on which the claim is based.  Picard, 404 U.S. at 277-78.  It is generally "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Rather, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63; Picard, 404 U.S. at 271; see also Duncan v. Henry, 513 U.S. 364, 365 (1995).

Petitioner concedes that he failed to exhaust his Claims 2(c), 2(d), 2(e), and 2(f),[1] and requests that he be permitted to withdraw these claims or that the claims be dismissed by the court.  Petitioner's request will be granted.

In addition, petitioner requests additional time within which to respond to respondent's motion to dismiss petitioner's several exhausted claims.  These substantive matters were summarily addressed in respondent's motion to dismiss "[i]n the interest of economizing state and judicial resources," because a written reporter's transcript of the state trial proceedings has not yet been prepared due to petitioner's contested waiver of appellate rights.  Respondent states, "In the event this Court desires a formal answer, Respondent will need additional time and funds to procure a written transcript from the court reporters in Petitioner's trial." (Dkt. No. 15,

---

[1] The unexhausted claims allege a violation of petitioner's due process rights based on the following allegations:  (c) that petitioner's trial counsel gave the prosecutor a copy of a letter, alleging civil rights violations, that petitioner had asked his counsel to mail to the ACLU; (d) that petitioner's counsel allowed petitioner to be handcuffed during a pretrial hearing; (e) that petitioner's counsel refused to seek unnamed officers' personnel files under Pitchess v. Superior Court, 11 Cal. 3d 531 (1974); and (f) that the trial court denied petitioner's multiple requests for a new appointed attorney under People v. Marsden, 2 Cal. 3d 118 (1970).

at 6.)

One of petitioner's exhausted claims is that he was "forced" to waive his right to appeal. This claim, as well as petitioner's other exhausted claims, warrant the same opportunity for full briefing and judicial scrutiny as other petitions for writ of habeas corpus. The court will therefore require that respondent obtain the needed transcript and file an answer to the petition. Hence, petitioner's currently "mixed petition," containing both exhausted and unexhausted claims, will now proceed only on petitioner's exhausted claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause filed October 27, 2010 (Dkt. No. 20) is discharged;

2. Respondent's motion to dismiss (Dkt. No. 15) is granted in part: Petitioner's Claims 2(c), 2(d), 2(e), and 2(f), are dismissed;

3. Respondent shall, within 45 days after the filing date of this order, file an answer to the remaining claims set forth in the petition; and

4. Petitioner may file a reply (traverse) within 30 days after service of respondent's answer.

SO ORDERED.

DATED: November 12, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

conn1994.disch.osc.mtn.dsm